UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| ROBERT TERWILLIGER and EDWIN RODRIGUEZ, individually and on behalf of all others similarly situated, | ) ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 2:23-CV-74-KAC-CRW |
| INTELLIHARTX, LLC, | ) ) ) | |
| Defendant. | ) | |

## ORDER TRANSFERRING CASE

This case arises out of a PURPORTED nationwide data breach affecting the personal health information and personal identifying information of individuals that was held by Defendant Intellihartx, LLC [*See* Doc. 1]. On June 26, 2023, Plaintiffs filed this action in the Eastern District of Tennessee under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA"), proposing a Nationwide Class, Massachusetts Subclass, and Missouri Subclass [*See id.* at 29-30]. On July 21, 2023, Plaintiffs filed an "Unopposed Motion to Transfer Proceedings" [Doc. 15]. In their Motion, Plaintiffs assert that "[t]here are two related actions pending in the U.S. District Court for the Northern District of Ohio in which similar claims are made" against Defendant Intellihartx, LLC [*Id.* at 1 (citing *Kelly et al. v. Intellihartx, LLC*, Case No. 3:23-CV-1338 (N.D. Ohio); *Perrone v. Intellihartx, LLC*, Case No. 3:23-CV-1224 (N.D. Ohio))]. Plaintiffs' counsel "has entered an appearance on behalf of the plaintiff Thomas Kelly in one of the above-referenced related cases" [Doc. 15 at 1]. "Counsel for Plaintiffs and counsel for Defendant [Intellihartx, LLC] have conferred and agreed to transfer this matter to the Northern District of Ohio" [*Id.*].

Under 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "[D]istrict courts have broad discretion to determine when party convenience or the interests of justice make a transfer appropriate." *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (cleaned up). "A district court ruling on a motion to transfer under 28 U.S.C. § 1404(a) should consider 'the private interests of the parties, including their convenience and the convenience of potential witnesses,' public-interest concerns, as well as whether the transfer is in the interests of justice." *Boling v. Prospect Funding Holdings, LLC*, 771 F. App'x 562, 567 (6th Cir. 2019) (quoting *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)).

Here, there are two cases already pending in the Northern District of Ohio that arise out of the same incident and involve the same Defendant as alleged in this action [*See* Doc. 15 at 1]. The Parties agree to transfer this action to the Northern District of Ohio, which appears to have subject matter jurisdiction over this action under CAFA [*See* Doc. 15 at 1]. Because all current Parties agree to transfer, no Party would be prejudiced by transferring this action to the Northern District of Ohio [*See id.*]. And transfer is in the interests of justice, benefitting both the Parties and the Court through judicial efficiency. *See* 28 U.S.C. § 1404(a). Accordingly, the Court **GRANTS** Plaintiff's "Unopposed Motion to Transfer Proceedings" [Doc. 15]. The Court **ORDERS** the Clerk to **TRANSFER** this action to the Northern District of Ohio and to close this Court's file.

IT IS SO ORDERED.

s/ Katherine A. Crytzer  
KATHERINE A. CRYTZER  
United States District Judge